AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
DEC 1 4 2010
David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| DERREK CARDWELL | ) | Case No. H10-1223m |
| and | ) | |
| ROCHE CARDWELL | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  December 13, 2010  in the county of  Harris  in the
Southern District of  Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C Section 841 (a)(1) and Section 841 (b)(1)(B) | Knowingly and intentionally manufacture, distribute, or possess with the intent to manufacture, distribute, or dispense, a controlled substance, to wit, 100 or more marijuana plants. |

This criminal complaint is based on these facts:

See attached affidavit.

✓ Continued on the attached sheet.

_____
*Complainant's signature*

Darren Butler, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  12-14-10

_____
*Judge's signature*

City and state:  Houston, Texas    Mary Milloy, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Darren P. Butler, being duly sworn, depose and state as follows:

1. I am a Special Agent of the United States Drug Enforcement Administration within the meaning of Title 18, United States Code, § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for offenses enumerated in Title 18, United States Code, § 2516.

2. I have been a Special Agent for the Drug Enforcement Administration (DEA) for over eight (8) years. I received four (4) months of training in narcotics trafficking investigations and related legal matters at the DEA Training Academy in Quantico, Virginia. Prior to being employed by the DEA, I was employed as a County Police Officer for over four (4) years, in Prince George's County, Maryland. I am currently assigned to the Houston Field Office, in Houston, Texas. I have participated in numerous investigations involving the illegal possession, distribution and manufacturing of narcotics and money laundering. I have participated in the investigation of the offenses more particularly discussed below, and reviewed reports prepared by other agents of the DEA and other law enforcement agencies.

3. I have received courses of instruction from the United States DEA, and other law enforcement agencies, relating to investigative techniques and the conduct of narcotics and financial investigations. I have participated in and have

1

conducted investigations which have resulted in the arrests of individuals who have smuggled, received, and distributed controlled substances, as well as the seizure of illegal drugs and proceeds derived from the sale of those illegal drugs. In addition, in connection with these and other cases, I have conducted follow-up investigations concerning the concealment of narcotics produced assets, money, bank records, etc., and the identification of co-conspirators through the use of ledgers, telephone bills and records, and photographs, as related to drug trafficking and money laundering.

4.   I have been associated with several investigations involving the interception of wire communications. I am familiar with the ways in which those engaged in the trafficking of controlled substances conduct their business, including, but not limited to, their methods of importing and distributing controlled substances, their use of cellular telephones, digital display paging devices, numerical codes, and code words to conduct their transactions. I am also familiar with the ways narcotics traffickers and others receiving money from narcotics traffickers collect, conceal, and launder the proceeds of their illegal drug trafficking activities, including proceeds derived from the sale and distribution of controlled substances.

5.   Based on my training, experience, and participation in controlled substance and money laundering investigations which have resulted from violation of the United States federal drug and money laundering laws, I prepared this Affidavit in support of a criminal complaint charging Derrek CARDWELL and Roche CARDWELL with violating Title 21 USC § 841 (a)(1) and § 841 (b)(1)(B),

2

to wit, knowingly and intentionally manufacturing, distributing, or possessing with the intent to manufacture, distribute, or dispense 100 or more marijuana plants.

## BACKGROUND

6. Since November of 2010, the Harris County Sheriff's Office (HCSO), the Texas Department of Public Safety (DPS) and the Drug Enforcement Administration (DEA) have been investigating a Drug Trafficking Organization (DTO) operating in the Houston area and headed by Derrek CARDWELL and Roche CARDWELL. The investigation has revealed that the Derrek CARDWELL and Roche CARDWELL are responsible for the illicit cultivation and subsequent distribution of large quantities of marijuana and the laundering of associated drug proceeds.

7. In November of 2010, agents and officers from the HCSO, DPS and DEA identified the commercial property located at 1035 Hollywood Street in Houston, Texas and the residence located at 3007 Bonner Street in LaPorte, Texas, as possible clandestine marijuana grow facilities.

8. During the course of this investigation, agents subpoenaed records and conducted numerous surveillance operations, which revealed the following:

   a) Harris County Appraisal District (HCAD) records show that Roche CARDWELL is the owner of both properties located at 1035 Hollywood Street in Houston, Texas and 3007 Bonner Street in LaPorte, Texas;

b) Electricity service records reveal Roche CARDWELL is the subscriber for electricity at 1035 Hollywood Street and that electricity at 3007 Bonner Street is subscribed to Roche CARDWELL's deceased mother, Hazel CARDWELL;

c) Power usage records for the warehouse at 1035 Hollywood Street indicates an average usage of 28,286 KWH per month, even though the Harris County Appraisal District records indicate that the warehouse was not equipped with air conditioning or heater units;

d) Power usage records for the residence at 3007 Bonner Street indicates an average usage of 13,697 KWH per month, even though the Harris County Appraisal District records indicate that the house is only 1030 square feet in size;

e) During surveillance of 1035 Hollywood Street, Agents and Officers have observed Derrek CARDWELL and Roche CARDWELL coming and going from the warehouse in patterns that indicate dominion and control of the facility.

9. On December 13, 2010, Deputy Troy Guidry, a peace officer employed with the Harris County Sheriff's Office as a narcotics dog handler, conducted a sweep on the warehouse located at 1035 Hollywood Street to see if his canine partner, "Kane" would positively alert to the presence of illegal narcotics. Deputy Guidry approached the property in a manner that would be most commonly used by any member of the general public and his canine was

allowed to examine the structure's two overhead roll up doors, where "Kane" ultimately alerted to the presence of narcotics.

10. On December 13, 2010, a state search warrant was issued for 1035 Hollywood Street based on the information detailed above. Officers and Agents subsequently executed the search warrant at the warehouse and discovered an active clandestine marijuana growing operation inside. Derrek CARDWELL was arrested on the scene as he attempted to enter the warehouse and was taken into custody without incident. Roche CARDWELL arrived on the scene a short time later and was also arrested without incident. Agents discovered approximately three hundred and ninety-eight (398) marijuana plants and viable root systems as well as all necessary equipment to conduct the growing operation including numerous grow lamps, power inverters for the lamps and blowers. Agents also seized a substantial quantity of dried, processed marijuana, and several vacuum sealed packages of processed marijuana prepared for distribution.

11. After waiving his Miranda rights, Roche CARDWELL advised S/A Darren Butler and S/A Mickey Teague that all of the marijuana plants inside the warehouse located at 1035 Hollywood belonged to him and his son, Derrek CARDWELL. Roche CARDWELL also stated that he had been growing marijuana inside the warehouse since 2009 and indicated that he and his son, Derrek CARDWELL, were the only people in his family involved in the illicit cultivation of marijuana. Roche CARDWELL additionally gave Agents and Officers consent to search his residence located at 3007 Bonner Street in

LaPorte, Texas. During the subsequent search, Agents discovered approximately two hundred and eighty-seven (287) marijuana plants and viable root systems as well as all necessary equipment to conduct the growing operation. Agents also seized a substantial quantity of dried, processed marijuana from the residence.

_____
Darren P. Butler, Special Agent
Drug Enforcement Administration


SUBSCRIBED AND SWORN TO before me this ____ day of December, 2010, and I find probable cause.

_____
Mary Milloy
UNITED STATES MAGISTRATE JUDGE

6